UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Jonathan Michael Ben Castro,

Case No. 25-mc-50503
Honorable Linda V. Parker

_____/

**<u>OPINION & ORDER SUMMARILY DISMISSING ACTION</u>**

This miscellaneous action was opened by the Clerk's Office upon receipt of documents from Jonathan Michael Ben Castro. (ECF No. 1.) The documents reflect that Mr. Castro is seeking to have this Court officially "correct" his name. (*Id*.) The Court is summarily dismissing the matter because it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action if it determines at any time that subject-matter jurisdiction is lacking); *Apple v. Glenn*, 183 F.2d 477, 480 (6th Cir. 1999) (indicating that sua sponte dismissal is appropriate where the plaintiff's allegations are insufficient to invoke subject matter jurisdiction).

Federal courts are courts of limited jurisdiction, with "only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Generally, federal district court jurisdiction is limited to where a "federal question" is presented, or the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1132. "No authority vests with the federal

courts to grant a name change." *United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007); *see also In re Smith*, No. 23-mc-00136, 2024 WL 474536 (D.D.C. Feb. 5, 2024) (dismissing for lack of jurisdiction action for a judgment validating the petitioner's name change); *Norington v. Indiana*, No. 3:13-cv-184, 2013 WL 1332794, at *2 (N.D. Ind. April 1, 2013) (finding that the plaintiff failed to state a claim, in part, because she is asking the court to change her name, but the court lacks the authority to do so). If Mr. Castro wishes to change his name or have the government recognize a name change, he must follow the procedures provided under State law. *Id*.

Accordingly,

**IT IS ORDERED** that this matter is summarily **DISMISSED WITH PREJUDICE**.

      s/ Linda V. Parker
      LINDA V. PARKER
      U.S. DISTRICT JUDGE

Dated: May 2, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 2, 2025, by electronic and/or U.S. First Class mail.

      s/Aaron Flanigan
      Case Manager